## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| MARIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-04198-CV-NKL |
| | ) | |
| BORDER ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Maria Williams ("Williams") moves to vacate an arbitrator's July 17, 2009, award in favor of Defendant Border Enterprises, Inc. ("Border Enterprises") [Doc. # 19], and to reopen the case [Doc. # 21]. Border Enterprises moves to confirm the award [Doc. # 25]. This Court now reopens this case, denies Williams' motion to vacate and grants Border Enterprises' motion to confirm.

## I.    Factual background

The facts of this case center on Williams' claim against Border Enterprises, her former employer, for alleged employment discrimination. In November 2007, Williams and Border Enterprises filed a Joint Motion to Stay Proceedings [Doc. # 16], which informed the Court that the parties would jointly "submit the matter to binding arbitration." The Court subsequently entered an order staying the case pending arbitration

1

[Doc. # 17] and another dismissing the case pending motions to reopen following arbitration [Doc. # 18]. Once in arbitration, the parties engaged in discovery throughout 2008 and part of 2009. At the close of discovery in June 2009, Williams and Border Enterprises filed summary judgment motions.[1]

On July 17, 2009, arbitrator Mark W. Suardi filed an order [Doc. # 20-1] dismissing Williams' claims based on what he determined to be intentional misrepresentations and other discovery abuses by Williams. The arbitrator specifically found that Williams' deposition testimony was "false," and that Williams had intentionally omitted from interrogatory answers two criminal charges against her. Arb. Order at 5. The arbitrator further found that Williams had filed for bankruptcy but had failed to disclose this information, and that Williams had used at least two different social security numbers: her real one and another which she used to apply for employment with Border Enterprises. Arb. Order at 5-6. Williams admitted using the second, false number (which apparently belonged to her daughter) to conceal information from Border Enterprises in order to pass a background check and secure employment. Arb. Order at 6-7. The arbitrator found that "[Williams'] discovery abuses were knowing and intentional," and that "[Williams] gave perjurious answers during her deposition" and in an interrogatory. Arb. Order at 7.

## II. Discussion

### A. Williams' Motions to Vacate and Reopen

[1] Williams was by this time no longer represented by counsel and remains *pro se* as of the date of this order.

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, "has created 'a liberal federal policy favoring arbitration agreements.'" *Stark v. Sandberg, Phoenix & von Gontard, P.C.*, 381 F.3d 793, 798-99 (8th Cir. 2004) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). "When reviewing an arbitral award, courts accord an extraordinary level of deference to the underlying award itself because federal courts are not authorized to reconsider the merits of an arbitral award." *Id.* at 798 (internal citations and quotations omitted). This Court may only vacate an award if the award was "procured by corruption, fraud, or undue means," if the arbitrator exhibited "evident partiality or corruption," if the arbitrator otherwise engaged in "misbehavior," or if the arbitrator "exceeded [his] powers." 9 U.S.C. § 10(a). The burden of establishing a basis for vacatur rests with the moving party. *Stark*, 381 F.3d at 802.

Williams' motion to reopen case is one paragraph long, stating that the arbitrator's dismissal was "unfair" and "harsh." The Court interprets her motion as a request to this Court to reopen its case to consider Williams' motion to vacate. Because both Williams and Border Enterprises seek affirmative relief from this Court, it is appropriate to reopen solely for the purpose of addressing the parties' claims concerning the arbitration award. If in fact the motion to reopen refers to the arbitration proceeding, it is denied.

Williams' motion to vacate is a checkbox form, indicating that she brings the motion under Rule 60 of the Federal Rules of Civil Procedure. Her stated grounds for relief are: (1) her case was dismissed before trial, (2) "case was for unsigned bankruptcy documents with no case number never filed in court," and (3) "eleven year old case and

wrong SSN." Williams attaches various documents to her motion to vacate, including an apparently unfiled bankruptcy document and documents relating to her arbitration case.

Rule 60, however, does not apply in this case because 9 U.S.C. §§ 10-11 contain the procedures for vacating or modifying an arbitral award. *See* Fed. R. of Civ. P. 81(a)(6)(B). Courts have specifically found that 9 U.S.C. §§ 10-11 supersede Rule 60 in the context of arbitration orders. *See AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 579 F.3d 1268, 1272 n.4 (11th Cir. 2009).

Though a district court is not required to recognize a *pro se* movant's unarticulated argument, *Miller v. Kemna*, 207 F.3d 1096, 1097 (8th Cir. 2000), the Court will treat Williams' motions to vacate as motions under 9 U.S.C. §§ 10-11 insofar as the motions implicate provisions found in those sections: fraud, § 10(a)(1); and mistake, § 11(a). The Court can find no provision in 9 U.S.C. §§ 10-11 or any other statute that supports Williams' limited argument that the arbitrator's Order was "unfair and harsh," that she was "judged on her [past] mistakes" or that there existed surprise or excusable neglect.

The Court cannot find – and Williams does not point to – any instance of mistake in the arbitrator's Order. On the contrary, the arbitrator correctly found Federal Rule of Civil Procedure 26(b)(1) allows discovery "of matters which may not be admissible at trial," and that Williams' criminal record, bankruptcy, and inconsistent use of social security numbers could all be reasonably considered discoverable. None of Williams' pleadings contradict Border Enterprises' or the arbitrator's factual assertions so as to indicate that the arbitrator's Order was based on mistake. Furthermore, extreme

4

discovery abuses such as perjury have been ruled in other cases to be an acceptable reason to dismiss a claim. Hence, Williams' contention that the award was unfair or harsh is not supported. *See Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694 (8th Cir. 2001) (dismissing Title VII plaintiff's case due to plaintiff's perjury and "engage[ment] in a pattern of deceit by presenting false and misleading testimony under oath").

Williams does describe one dispute that may be considered an allegation of fraud. Williams claimed during arbitration and continues to claim that she never filed for bankruptcy. Williams offers -- as evidence of her fraud allegations -- copies of bankruptcy documents which she seems to believe prove that she did not file bankruptcy because the documents have no signature or case number [Doc. # 19-2].[2] The Court need not determine whether this argument, if true, would be sufficient to create a reversible level of fraud. As Border Enterprises has noted and this Court has independently verified through the federal courts' PACER system, Williams filed for bankruptcy in the Bankruptcy Court for the Eastern District of Missouri on January 9, 2004, and her case was assigned case number 04-40392. Whether by intentional misrepresentation or severe misunderstanding, Williams' claim of fraud against Border Enterprises is also insufficient to warrant vacating the arbitration Order.

### B. Border Enterprises' Motion to Confirm the Award

Border Enterprises moves to confirm the arbitrator's order under § 9 of the FAA, which requires this Court to confirm the award if three conditions are satisfied: (1) that

---

[2] Although no handwritten signature or case number appear on the documents, the typed notation "**/s/ Maria Williams**" appears wherever the debtor's signature is required.

any party apply to confirm the award within one year of the award's date; (2) that the award not be vacated, modified, or corrected under 9 U.S.C. §§ 10-11; and (3) that the application be made in a court with jurisdiction over the arbitration. 9 U.S.C. § 9. As to the third element, the Eighth Circuit has held that a court which issues a stay for arbitration has jurisdiction over the case to confirm the subsequent award. *Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 685-86 (8th Cir. 2002).

All three conditions for confirmation have been satisfied. Border Enterprises has made a timely motion to confirm and the award has not been vacated, modified, or corrected. This Court granted the parties' joint request for a stay [Doc. # 17], and the Court's concurrent dismissal order noted that "the Court retain[ed] jurisdiction over this case" [Doc. # 18]. This Court must confirm the award because all three conditions are satisfied.

### III. Conclusion

The Court finds no basis for vacating the arbitrator's award. The Court further finds that § 9 of the FAA compels confirmation of the arbitrator's July 17, 2009 Order.

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Vacate [Doc. # 19] is DENIED, and Plaintiff's Motion to Reopen Case [Doc. # 21] is GRANTED as it relates to this proceeding and otherwise DENIED. It is further ORDERED that Defendant's Request for Confirmation of the Award [Doc. # 25] is GRANTED.

                                     s/ Nanette K. Laughrey
                                     NANETTE K. LAUGHREY
                                     United States District Judge

Dated: December 14, 2009
Jefferson City, Missouri